# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| MARQUESE FLOYD, | CASE NO. 4:21-CV-02068 |
| Petitioner, | DISTRICT JUDGE J. PHILIP CALABRESE |
| vs. |  |
| WARDEN JAY FORSHEY, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT & RECOMMENDATION** |

Petitioner Marquese Floyd ("Petitioner" or "Mr. Floyd") brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  (ECF Doc. 1 ("Petition").)  Mr. Floyd filed his Petition on November 2, 2021.[1]  (*Id*.)  His Petition relates to his convictions for complicity to involuntary manslaughter with firearm specification, aggravated burglary with firearm specification, and tampering with evidence, and his twenty-two-year prison sentence in Trumbull County Common Pleas Court Case No. 2010-CR-00135, *State of Ohio v. Marquese J. Floyd* following a guilty plea.  (ECF Doc. 1 p. 3; ECF Doc. 5-1 pp. 19-21.)  Respondent filed a Motion to Dismiss (ECF Doc. 5) and Petitioner filed a Response to the Motion to Dismiss (ECF Doc. 6).

This matter was assigned to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For the reasons set forth in further detail herein, the undersigned recommends that the

---

[1] Mr. Floyd's signature on his Petition bears the date of October 28, 2021, but he does not specifically indicate when he placed the Petition in the prison mailing system.  (ECF Doc. 1 p. 5.)  In the absence of that information, the mailbox rule, which provides that "a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts," *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)) is not applicable.

1

Court **GRANT** Respondent's Motion to Dismiss (ECF Doc. 5) and **DISMISS** Mr. Floyd's

Petition (ECF Doc. 1) because it was not timely filed under the applicable statute of limitations.

## I.     Procedural Background

**A.     State Court Conviction**

On April 8, 2010, a Trumbull County Grand Jury indicted Mr. Floyd on: two counts of

aggravated murder with firearm specifications in violation of O.R.C. §§ 2903.01(B)&(F),

2941.145; aggravated burglary with firearm specification in violation of §§ 2911.11(A)(1)&(B),

2941.145; and tampering with evidence in violation of O.R.C. § 2921.12(A)(1)&(B).  (ECF Doc.

5-1, pp. 3-6.)  Mr. Floyd originally pled not guilty to the indicted charges.  (ECF Doc. 5-1, p.

17.)  He withdrew his former not guilty plea on March 7, 2011, and pled guilty to the charges

contained in an amended indictment: two counts of complicity to involuntary manslaughter with

firearm specification in violation of O.R.C. §§ 2903.04(A)&(C), 2923.03(A)(2)& (F), and

2941.145; one count of aggravated burglary with firearm specification in violation of O.R.C. §§

2911.11(A)(2)&(B), 2941.145; and one count of tampering with evidence in violation of O.R.C.

§ 2921.12(A)(1)&(B).  (*Id*. at pp. 8-18.)  His guilty plea was accepted and the trial court found

him guilty as charged.  (*Id*. at pp. 17-18.)  He appeared for his sentencing on April 11, 2013.  (*Id*.

at p. 19.)  In an entry time-stamped on April 15, 2013, the trial court sentenced Mr. Floyd to an

aggregate prison sentence of twenty-two years.  (*Id*. at pp. 19-21.)  Mr. Floyd did not timely

appeal within thirty days.  *See* Ohio App. R. 4(A)(1).

**B.     First Motion for Leave to File Delayed Appeal**

Mr. Floyd filed a notice of appeal (ECF Doc. 5-1, pp. 24-28) and motion for leave to file

delayed appeal with the Eleventh District Court of Appeals on September 20, 2013 (*id.* at pp. 29-

35).  Mr. Floyd explained his failure to file a timely appeal as follows:

> Defendant was not fully advised of his appeal rights in open court nor in the court's sentencing journal entry.  Defendant only received sentencing journal entry after receiving a notice from the Court to pay court costs of the prosecution.

(*Id*. at p. 32.)  The State opposed the motion.  (*Id*. at pp. 36-50.)  On April 21, 2014, the court of appeals overruled the motion and dismissed the appeal (*id.* at pp. 51-55), finding that Mr. Floyd acknowledged in his written plea agreement that he "must file an appeal with thirty (30) days of his sentence" and observing that he did "not provide the date on which he received the sentencing journal entry or the notice to pay court costs" (*id*. at 53).  The court concluded that Mr. Floyd's appeal was untimely by four months, and he had "not provided [the] court with reasons to adequately justify waiting that length of time to initiate a direct appeal."  (*Id*.)  Mr. Floyd did not appeal that decision to the Supreme Court of Ohio.

## C.    Motion for Resentencing

On June 17, 2015, Mr. Floyd filed a motion requesting resentencing of consecutive sentences imposed contrary to law, arguing that the trial court did not make required statutory findings to support imposition of consecutive sentences.  (ECF Doc. 5-1, pp. 56-59.)  In an entry time-stamped June 30, 2015, the trial court found the motion not well taken.  (*Id*. at p. 60.)

## D.    Motion for Reconsideration

On November 7, 2019, Mr. Floyd filed a motion for leave to file an application for reconsideration with the Eleventh District Court of Appeals.  (ECF Doc. 5-1, pp. 61-75.)  He sought leave of court to file *instanter* an application to reconsider the April 21, 2014 memorandum opinion by the Court of Appeals.  (*Id*. at p. 61.)  The State filed an opposition on November 18, 2019.  (*Id*. at pp. 76-79.)  On November 26, 2019, the Eleventh District Court of Appeals overruled the motion.  (*Id*. at pp. 80-81.)  The court explained that motions for reconsideration shall be filed within ten days, and enlargement of that time will not be allowed

absent a showing of extraordinary circumstances.  (*Id*. at p. 80.)  The court observed that Mr.

Floyd's motion for reconsideration was filed almost five-and-a-half years after the court's entry,

and found that "[n]othing prevented appellant from filing an application for reconsideration

within ten days from [its] decision or a new motion for delayed appeal that included reasons that

could not be refuted within a reasonable time period."  (*Id*. at pp. 80-81.)  The court therefore

overruled the motion, finding "no obvious error in denying [Mr. Floyd's] motion for delayed

appeal and dismissing the appeal," and that Mr. Floyd's "motion fail[ed] to demonstrate

extraordinary circumstances prevent[ed] him from filing a timely application for

reconsideration."  (*Id*. at p. 81.)

**E.      Second Motion for Leave to File Delayed Appeal**

On January 21, 2020, Mr. Floyd filed a second notice of appeal (ECF Doc. 5-1, pp. 82-

87) and motion for leave to file a delayed appeal (*id.* at pp. 88-92) from the April 2013

sentencing entry.  In the docketing statement filed with his notice of appeal, Mr. Floyd stated that

a probable issue for review was that his sentence was void as it was contrary to law because he

was sentenced for allied offenses of similar import.  (*Id*. at p. 83.)  The State filed an opposition

on January 31, 2020.  (*Id*. at pp. 93-118.)  The court of appeals overruled Mr. Floyd's motion for

leave to file a delayed appeal and dismissed the matter on April 6, 2020.  (*Id*. at pp. 119-22.)  In

its decision, the court observed that Mr. Floyd's "sole 'reason' for filing an untimely appeal

[was] that the sentencing entry fail[ed] to comport with Crim.R. 32(B)."  (*Id*. at p. 120.)  The

court found that a review of the written plea of guilty and sentencing hearing transcript

confirmed the State's argument that:

> [P]age 2 of the sentencing entry contradicts appellant's contention where it
> explicitly states that he was afforded his rights under Crim.R. 32(B).  Also, pages
> 7 and 8 of appellant's signed written plea of guilty affirmed that both his attorney
> and the trial court explained his right to appeal a maximum sentence, other limited

appellate rights, and that any appeal must be filed within 30 days of the court's entry of the judgment. Further, page 8 of the sentencing hearing transcript of proceedings, attached to appellee's response, demonstrates that the trial court explained appellant's right to appeal, and he responded that he understood and had no questions during the hearing.

(*Id.* at pp. 120-21.)  The court therefore concluded that Mr. Floyd had "not set forth a valid reason for an over six-year delay in filing the present appeal" and overruled his motion. (*Id.* at p. 121.)

On October 16, 2020, Mr. Floyd filed a notice of appeal with the Supreme Court of Ohio from the court of appeals' April 6, 2020 opinion and judgment entry (ECF Doc. 5-1, pp. 123-24) along with a motion for delayed appeal (*id.* at pp. 125-38).  Mr. Floyd's request for leave to file a delayed appeal was based on delay caused by Covid-19.  (*Id.* at pp. 125-26.)  The Supreme Court of Ohio granted Mr. Floyd's motion for a delayed appeal due to Covid-19 on October 28, 2020 and ordered him to file a memorandum in support of jurisdiction within thirty days.  (*Id.* at p. 139.)  Mr. Floyd filed his memorandum in support of jurisdiction on November 6, 2020 (*id.* at pp. 140-45), asserting the following proposition of law:

> A court of appeals abuses its discretion, in matter of a delayed appeal, when it denies access without ascertaining whether waiver occurred, prior to 30-day time limit, and pursuant a failure to enforce strict compliance with advisement requirements of Crim.R. 32(B).

(*Id.* at pp. 141, 143-44.)  The State filed an opposition.  (*Id.* at pp. 146-53.)  On January 22, 2021, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Floyd's appeal.  (*Id.* at p. 154.)

## F.    Federal Habeas Corpus Petition

Mr. Floyd filed his Petition in the present matter on November 2, 2021, raising the following ground for relief:

> **GROUND ONE**: Petitioner was denied access to the court of appeals, even though he did not waive such right, nor was he afforded notice and protection pursuant to Ohio Rules of Criminal Procedures, thereby prolonging his confinement.

**Supporting Facts**: The appeal of a state criminal conviction involves significant discretionary elements. **Evitts v. Lucey**, 469 U.S. 387, 393 (1985). This means that there must be compliance with the constitutional dictates of due process and equal protection when determination of a request for leave to file a delayed appeal occurs. **Griffin v. Illinois**, 351 U.S. 12, 18 (1956). To meet these demands, Ohio entitles virtually every defendant who pleads guilty the right to a delayed appeal. **State v. Robinson** (1995), 101 OApp3d 238, 239. **Robinson** also brings to light the constitutional concerns with disenfranchising a defendant solely because he must rely on memory of oral pronouncement of appellate rights, when a court fails to include such in its judgment of sentence. These are the pains Petitioner presented to the state appellate court.

Unlike the case in **Sexton v. Wainwright** (S.D. Ohio 2021), 2021 U.S. Dist. LEXIS 37063, *13, Petitioner carried his burden of showing by a preponderance of evidence that he wasn't given notice of appellate rights in accordance with the law. Petitioner relied on the entry on sentence, **Entry**, and the due process ingredients mandated by O.Crim.R. 32(B). The Supreme Court and Ohio courts have found that the absence of notice, under O.Crim.R. 32(B), constitutes plain error and creates a miscarriage of justice **State v. Bednarik** (1954), 101 Ohio App. 283, 284; **State v. Miller** (1988), 44 OApp3d 42, 43, citing **Rodriguez v. United States**, 395 U.S. 327 (1969). A state appellate court faced with such a dilemma must allow leave, **Id.**, because the time for appeal has not triggered without O.Crim.R. 32(B) notice, **State v. Gover**, 71 OS3d 577, 581 (1995). Notice, of course, is the most fundamental principle of due process.

We must keep in mind that these due process policies are founded on the bedrock principles of a court only speaks thru its judgment or order and no other medium, as no authority exists to make some other medium the authentic organ of its will. **Hill v. United States**, 298 U.S. 460 (1936). The state was allowed to rely on "rebuttal evidence", plea form and sentencing transcript to do just that. At the onset of page 7 of the plea form, I was made to believe that I was waiving right to appeal by entering guilty pleas, **Plea form/Entry**. At the outset of page 7-8, I was made to understand conflicting limited appeal rights. **Id.** When Petitioner appeared for sentencing, he was told that thee judge was going to do the perfunctory gesture of imposing the jointly-recommended 22-year sentence and he could not, therefore, appeal pursuant to O.R.C. §2953.08. As such, Petitioner simply went thru the motions, without close attention to details.

(ECF Doc. 1 pp. 3, 5 (emphasis in original).)

## II.    Law & Analysis

Respondent argues Mr. Floyd's Petition should be dismissed as untimely. (ECF Doc. 5, pp. 4-7.) Alternatively, Respondent argues that Mr. Floyd's Petition should be dismissed

because he has not alleged a constitutional claim.  (*Id*. at p. 8.)  Mr. Floyd argues that the Court should consider his Petition timely because it was filed within one year of Ohio Supreme Court's January 22, 2021 decision declining jurisdiction.  (ECF Doc. 1, p. 1; *see also* ECF Doc. 6, p. 1 (relying on *Sexton v. Wainwright*, 986 F.3d 607 (6th Cir. 2020)).)  He also argues that he sufficiently raised a federal due process claim based on the state appellate court's denial of his request to file a delayed appeal.  (*Id*. at p. 2.)

For the reasons set forth in further detail below, the undersigned finds that the statute of limitations has expired for Mr. Floyd's sole ground for relief.  Accordingly, the undersigned will not address Respondent's alternative argument that Mr. Floyd has not presented a constitutional claim in his Petition.  Instead, the undersigned recommends that the District Court **DISMISS** the Petition as untimely.

## A.  Standard of Review Under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies."  *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)).  Further, if an application for writ of habeas corpus involves a claim that was

"adjudicated on the merits in State court proceedings," the application "shall not be granted

unless the adjudication of the claim"

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100,

131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir.

2007).  The burden of proof rests with the petitioner.  *See Cullen*, 563 U.S. at 181.

## B.    AEDPA Statute of Limitations

28 U.S.C. § 2244 limits the time within which a person in custody pursuant to the

judgment of a state court may file a petition for a federal writ of habeas corpus, providing in

relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --

>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  Thus, under section 2244(d)(2), the statute of limitations is tolled for as long as a properly filed application for post-conviction relief or other collateral review is pending in the state courts.  *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).  This statutory tolling continues "until the application has achieved final resolution through the State's post-conviction procedures," *Carey v. Saffold*, 536 U.S. 214, 220 (2002), and further "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review," *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016) (internal quotations omitted).

Section 2244(d)(2) does not toll the limitations period during the filing of a subsequent petition for certiorari to the United States Supreme Court because such a petition is federal and therefore "not a part of a 'State's post-conviction procedures.'" *Lawrence v. Fla.*, 549 U.S. 327, 337 (2007) (quoting 28 U.S.C. § 2244(d)(2)).  In addition, the tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).  Thus, once the limitations period has expired, a "collateral petition[] can no longer serve to avoid a statute of limitations." *Id.*

In addition to statutory tolling, the AEDPA statute of limitations may be equitably tolled in appropriate circumstances.  The Supreme Court has explained that this defense "is not jurisdictional" and "does not set forth an inflexible rule requiring dismissal whenever its clock has run." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotations omitted).  Equitable tolling allows federal courts to excuse the statute of limitations bar where tolling is appropriate to "relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules." *Holland*, 560 U.S. at 650 (internal quotations omitted).  There are

generally two forms of equitable tolling available in this context, traditional equitable tolling and tolling based on "actual innocence."

To support traditional equitable tolling, a petitioner must show that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal citations and quotations omitted); *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011). Tolling is evaluated on a case-by-case basis and must be "applied sparingly," with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted). "[P]*ro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse . . . late filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *see also Hall*, 662 F.3d at 750–752 (lack of transcript, pro se status and limited law library access did not warrant equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (finding "lack of legal training, [a petitioner's] poor education, or even [a petitioner's] illiteracy" are not reasons to toll the statute of limitations).

A petitioner "may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012) (citing *Murray v. Carrier,* 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual

innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The parties differ as to applicable date for starting the running of the one-year limitation period.  Respondent contends that Mr. Floyd's Petition is not timely even taking into account statutory tolling, because his Petition was not filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *see* 28 U.S.C. § 2244(d)(1)(A).  (ECF Doc. 5, pp. 5-7.)  In contrast, Mr. Floyd relies on 28 U.S.C. §2244(d)(1)(D) which provides that "[t]he limitation shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  (ECF Doc. 1, p. 1.)  He contends that the Court should consider his Petition timely under that section because he filed it "within one year of Ohio Supreme Court's decline of jurisdiction to review delayed appeal proceedings."  (*Id.*).

For the reasons explained below, the undersigned finds that Mr. Floyd's Petition is untimely under both §2244(d)(1)(A) and §2244(d)(1)(D).  Thus, it is not necessary for the Court to reach a determination as to which specific provision of §2244(d) applies in this instance.

## C.    Mr. Floyd's Petition in Untimely Under §2244(d)(1)(A)

Mr. Floyd's sentencing entry was entered on April 15, 2013.  (ECF Doc. 5-1, pp. 19-21.) He then had thirty days to file a notice of appeal from that entry.  *See* Ohio App. R. 4(A)(1).  He did not file an appeal within that period.  Applying §2244(d)(1)(D) to the facts of this case, Mr. Floyd's conviction became final when the time to file his direct appeal expired, which was May 15, 2013.  (ECF Doc. 5, p. 5.)  Thus, the ADEPA statute of limitations started to run on May 16, 2013 and expired on May 15, 2014.  (*Id*. at p. 6.)  Mr. Floyd did not file his Petition until over

seven years after that, on November 2, 2021.  Since he filed his Petition after the expiration of the statute of limitations, his Petition is time-barred unless the statute of limitations was tolled.

Respondent acknowledges and agrees that the statute of limitations was tolled on September 20, 2013 when Mr. Floyd filed his first motion for leave to file delayed direct appeal. (ECF Doc. 5, p. 6; ECF Doc. 5-1, p. 29.)  Up to and including September 20, 2013, the statute of limitations ran for 128 days.  This tolling continued until the court of appeals denied the motion on April 21, 2014.  *See Carey*, 536 U.S. at 220 (indicating that statutory tolling continues "until the application has achieved final resolution through the State's post-conviction procedures"); *see also Board v. Bradshaw*, 805 F.3d 769, 773 (6th Cir. 2015) (explaining that "an unsuccessful motion for leave to file a delayed appeal cannot restart the AEDPA limitations period, it may toll the limitations period while it is pending").

Mr. Floyd did not appeal the April 21, 2014 decision, but the statute of limitations nevertheless remained tolled for an additional forty-five days, or until June 5, 2014 – the time period for filing an appeal with the Supreme Court of Ohio from the April 21, 2014 decision. *Holbrook*, 833 F.3d at 615 (indicating statutory tolling continues "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review"). The statute of limitations started to run again on June 6, 2014.  At that time there were 237 days remaining.  Thus, Mr. Floyd had until January 29, 2015 to file his federal habeas petition.

Mr. Floyd filed various motions and appeals after January 29, 2015.  He filed a motion for resentencing on June 17, 2015 (ECF Doc. 5-1, p. 56), which was denied on June 30, 2015 (*id*).  Mr. Floyd did not appeal that decision.  He then filed a motion for leave to file an application for reconsideration on November 7, 2019, requesting that the court of appeals reconsider its April 21, 2014 decision.  (*Id*. at p. 61.)  That application was denied on November

12

26, 2019.  (*Id*. at p. 81.)  Mr. Floyd did not appeal that decision.  Mr. Floyd then filed a second

notice of appeal and motion for leave to file a delayed appeal from his April 2013 sentence.  (*Id*.

at pp. 82-92.)  The court of appeals denied Mr. Floyd's request on April 6, 2020.  (*Id*. at pp. 119-

22.)  After being granted leave to file a delayed appeal with the Supreme Court of Ohio due to

Covid-19 (*id.* at p. 139), Mr. Floyd filed his memorandum in support of jurisdiction on

November 5, 2020 (*id*. at pp. 140-45.)  On January 22, 2021, the Supreme Court of Ohio

declined to accept jurisdiction of the appeal.  (*Id*. at p. 154.)  Since the statutory tolling provision

does not "revive the limitations period (i.e., restart the clock at zero)," and "can only serve to

pause a clock that has not yet fully run," *Vroman,* 346 F.3d at 602, Mr. Floyd's filings made <u>after</u>

the statute of limitations expired under §2244(d)(1)(A) – January 29, 2015 – did not serve to toll

the statute of limitations.

Equitable tolling of the statute of limitations is available only where a petitioner can show

that: (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance

stood in his way and prevented timely filing," *Holland*, 560 U.S. at 649, or "if he demonstrates

actual innocence, so that by refusing to consider his petition due to timeliness the court would

cause a fundamental miscarriage of justice." *Patterson*, 455 Fed. Appx. at 606.  Mr. Floyd has

not demonstrated that he has been diligently pursuing his rights.  While he continues to argue

that he was unaware of or not properly informed of his appellate rights, he did not appeal the

April 21, 2014 denial of his first motion for leave to file a delayed appeal.  Then, he waited more

than five years before asking the court of appeals to reconsider that decision.  Mr. Floyd has not

argued or demonstrated actual innocence, which is not surprising given that he pled guilty to the

offenses for which he was convicted and sentenced.  Based on this record, the undersigned finds

no grounds to apply equitable tolling to extend the statute of limitations beyond January 29, 2015.  Thus, Mr. Floyd's Petition is untimely under §2244(d)(1)(A) by over six years.

**D.     Mr. Floyd's Petition is Untimely Under §2244(d)(1)(D)**

Applying §2244(d)(1)(D) to the facts of his case, Mr. Floyd contends that his Petition was timely filed on November 2, 2021 because it was filed within one year of the Ohio Supreme Court's decision to decline jurisdiction of his case, which was entered on January 22, 2021. (ECF Doc. 1, p. 1; *see also* ECF Doc. 6, p. 1.)  Mr. Floyd relies on *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020) to support his claim that he is entitled to a later running of the statute of limitations under §2244(d)(1)(D), which provides that "[t]he limitation shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The petitioner in *Sexton* raised both appeal-based and trial-based claims.  *Sexton*, 968 F.3d at 613.  The only issue before the court was whether petitioner's appeal-based federal habeas claim alleging that the court of appeals "denied him due process and equal protection by refusing to let him file his appeal late" was timely filed under §2244(d)(1)(D).  *Sexton*, 968 F.3d at 609.  The Sixth Circuit found that the state court of appeals' denial order was "a necessary factual predicate" for his federal habeas ground for relief based on that order, and found that his federal habeas petition was timely under §2244(d)(1)(D) because he filed his federal habeas petition within one year of the court of appeals' denial order.  *Id.* at 613.  The Sixth Circuit remanded *Sexton*'s case to the district court for a determination as to whether he was denied due process or equal protection when the court of appeals declined to allow his late appeal.  *Id.* at 613–14.

Mr. Floyd challenges the court of appeals' denial of his second motion for leave to file a delayed appeal, and seeks a conditional writ of habeas corpus to allow for state appellate review. (ECF Doc. 1, pp. 2, 4-5; ECF Doc. 6, p. 2.)  His sole ground for relief is an appeal-based claim similar to that addressed in *Sexton* based on the denial of his motion for leave to file a delayed appeal.  However, unlike the petitioner in *Sexton*, Mr. Floyd filed a previous motion for leave to file a delayed appeal in 2013, asserting that his appeal was untimely because he was not properly advised of his appellate rights in open court or the sentencing entry.  (ECF Doc. 5-1, pp. 32, 52-53.)  That motion was denied on April 21, 2014.  (ECF Doc. 5-1, p. 51.)

Mr. Floyd argues that his Petition is timely because it was filed within one year from the date the Supreme Court of Ohio declined jurisdiction over his appeal of the April 6, 2020 denial of his second motion for leave to file a delayed appeal.  (ECF Doc. 1, pp. 1-2.)  Even assuming *arguendo* that §2244(d)(1)(D) applied in this instance, the undersigned finds the "necessary factual predicate" for Mr. Floyd's federal habeas ground for relief would be the court of appeals' denial of his first motion for leave to file a delayed appeal on April 21, 2014, not the court's ruling on the second motion filed years later.  Thus, the undersigned finds that Mr. Floyd had no later than April 21, 2015 to file his federal habeas petition under §2244(d)(1)(D).

As explained in Section II.C. *supra*, Mr. Floyd's filings after the statute of limitations expired under §2244(d)(1)(D) could not toll the statute of limitations or restart the statute of limitations clock.  Further, for the reasons explained in Section II.C. *supra*, the undersigned finds no basis to apply equitable tolling to extend the statute of limitations beyond April 21, 2015. Thus, even applying §2244(d)(1)(D) as argued by Mr. Floyd, his Petition is untimely by over six years.

15

## III.    Recommendation

For the reasons set forth above, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (ECF Doc. 5) and **DISMISS** Mr. Floyd's Petition (ECF Doc. 1) because it was not timely filed under the applicable statute of limitations.


Dated: April 26, 2023

*/s/ Amanda M. Knapp*

AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE


### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).