# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MARQUESE J. FLOYD,         )    Case No. 4:21-cv-02068
                                 )
        Petitioner,        )    Judge J. Philip Calabrese
                                 )
v.                          )    Magistrate Judge Amanda K. Knapp
                                 )
JAY FORSHEY, Warden,     )
                                 )
        Respondent.       )
                                 )

## OPINION AND ORDER

In 2021, *pro se* Petitioner Marquese Floyd filed this petition for a writ of habeas corpus. Specifically, Mr. Floyd seeks a conditional writ restoring his right to appellate review. He asserts a single ground for relief, arguing that he was denied access to the State appellate court in violation of his rights to due process and equal protection. For the reasons that follow, the Court **OVERRULES** Petitioner's objections (ECF No. 8), **ADOPTS** the Report and Recommendation (ECF No. 7), **GRANTS** Respondent's motion to dismiss (ECF No. 5), and **DENIES** the petition (ECF No. 1).

## FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2010, a grand jury indicted Mr. Floyd on two counts of aggravated murder with firearm specifications, aggravated burglary with a firearm specification, and tampering with evidence. (ECF No. 5-1, PageID #53–56.) On March 7, 2011, Petitioner entered a plea of guilty to two counts of complicity to involuntary manslaughter with firearm specifications, one count of aggravated burglary with a firearm specification, and one count of tampering with evidence as charged in the

amended indictment. (*Id.*, PageID #58–68.)  On April 15, 2013, the trial court sentenced Petitioner to an aggregate term of twenty-two years imprisonment. (*Id.*, PageID #69–71.)

### A.  Direct Appeals

On September 20, 2013, five months after the State trial court sentenced him, Petitioner filed a notice of appeal and motion for leave to file a delayed appeal. (*Id.*, PageID #74–85.)  In support of his motion, Petitioner argued that he was "not fully advised of his appeal rights in open court nor in the court's sentencing journal entry." (*Id.*, PageID #84.)  On April 21, 2014, the State appellate court denied Petitioner's motion as untimely and found that he set forth no valid reason for filing his appeal after the deadline. (*Id.*, PageID #103 & #105.)  Also, the State court found that the guilty plea Petitioner signed explained his limited appeal rights and the 30-day deadline to appeal. (*Id.*, PageID #105.)  Petitioner did not timely appeal this decision to the Ohio Supreme Court.  However, he filed a motion for leave to seek reconsideration of this decision on November 7, 2019. (*Id.*, PageID #111–25.)  The State appellate court denied the motion as untimely and improper on November 26, 2019. (*Id.*, PageID #130–31.)

On January 31, 2020, Mr. Floyd filed a second notice of appeal and motion for leave to file a delayed appeal. (*Id.*, PageID #132–42.)  In that motion, he again argued that he was not notified of his appellate rights in compliance with Rule 32(B) of the Ohio Rules of Criminal Procedure. (*Id.*, PageID #138–39.)  On April 6, 2020, the State appellate court again denied Petitioner's motion for delayed appeal as untimely. (*Id.*,

2

PageID #169–71.)  On October 16, 2020, Petitioner filed a notice of appeal and motion for leave to file a delayed appeal to the Ohio Supreme Court.  (*Id.*, PageID #173–79.)  The Ohio Supreme Court granted Petitioner's motion in light of the Covid-19 pandemic but declined to exercise jurisdiction over Petitioner's appeal on January 22, 2021.  (*Id.*, PageID #189 & #204.)

### B.      Post-Conviction Motions

On June 17, 2015, two years after sentencing, Petitioner filed a motion requesting resentencing on the ground that the State trial court inappropriately imposed consecutive sentences.  (*Id.*, PageID #106–09.)  The State trial court denied Petitioner's motion on June 29, 2015.  (*Id.*, PageID #110.)  Petitioner did not appeal.

### C.      Federal Habeas Petition

On November 2, 2021, Mr. Floyd, filed a petition for a writ of habeas corpus asserting one ground for relief.  (ECF No. 1.)  Specifically, Petitioner argues that he was denied access to the State appellate court because the State trial court's judgment entry did not include notice of his appeal rights in compliance with Rule 32(B) of the Ohio Rules of Criminal Procedure in violation of his constitutional right to due process.  (*Id.*, PageID #2–4.)    Respondent moved to dismiss the petition as time-barred.  (ECF No. 5, PageID #44–47.)  Further, Respondent argued that the petition does not allege a constitutional violation because Petitioner was informed of his appeal rights in the plea agreement he signed and in court.  (*Id.*, PageID #48.)  Petitioner filed a response.  (ECF No. 6, PageID #205–06.)

On April 26, 2023, the Magistrate Judge recommended that the Court grant Respondent's motion to dismiss the petition as untimely.  (ECF No. 7, PageID #224.) Petitioner objects to that recommendation.  (ECF No. 8.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to submit "proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2.  When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  "Objections must be specific, not general" and should direct the Court's attention to a particular dispute.  *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it.

4

Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections the party raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus.  28 U.S.C. §§ 2241(c)(3) & 2254(a).  At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty.  *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

5

## I.      Objections

Petitioner objects to the Magistrate Judge's report and recommendation on two grounds.  (ECF No. 8.)  Because Petitioner's second objection informs the disposition of his first, the Court will address the objections in reverse order.

### I.A.    Factual Predicate of Petitioner's Ground for Relief

Petitioner objects to the Magistrate Judge's conclusion that his first motion for delayed appeal establishes the applicable limitations period for his petition under 28 U.S.C. § 2244(d)(1)(D).  (*Id.*, PageID #225–26.)  He argues that "[t]he lens was never focused upon the first motion because, in the denial of delayed reconsideration, the State appellate court invited Petitioner to file a second motion for delayed appeal." (*Id.*, PageID #226.)  In support of this contention, Petitioner cites the following language from the State appellate court's order denying his motion for reconsideration:  "Nothing prevented [Mr. Floyd] from filing . . . a new motion for delayed appeal that included reasons that could not be refuted within a reasonable time period."  (ECF No. 5-1, PageID #131.)

Further, Petitioner points to *Sexton v. Wainwright*, 968 F.3d 607 (6th Cir. 2020).  There, the Sixth Circuit held that one ground of the petition was timely because it was based on the State appellate court's denial of his motion for delayed appeal just three months before he petitioned for a writ of habeas corpus.  *Id.* at 613–14.  Finally, in his objection Petitioner concedes that if his first motion for delayed appeal were the basis for this petition, it would be procedurally defaulted. (ECF No. 8, PageID #226.)  However, he argues that the Magistrate Judge "could not

6

overlook one jurisdictional bar while, at the same time, enforce what she believes to be another." (*Id.*)

In opposition, Respondent restates the Magistrate Judge's reasoning. (ECF No. 10, PageID #236–37.)  Also, Respondent argues that the objection is improper because Petitioner does not cite specific portions of the Magistrate Judge's report and recommendation. (*Id.*, PageID #234.)

Petitioner's objection is not well-taken for two reasons.  First, the objection generally restates arguments Petitioner raised in response to Respondent's motion to dismiss, which the Magistrate Judge addressed in her report and recommendation. (ECF No. 6, PageID #205; ECF No. 7, PageID #222–23.)  As Respondent notes, a general objection to a magistrate judge's report and recommendation, which fails to specify the issues of contention, does not satisfy the requirements for filing objections. *Howard*, 932 F.2d at 509.

Second, Petitioner is not similarly situated to the petitioner in *Sexton*.  There, the petitioner first learned in 2017—nearly twenty years after his conviction—that his life sentence should have been imposed by a three-judge panel under State law. *Id.* at 609.  Shortly thereafter, Sexton filed a motion for leave to file a delayed appeal based on this error and alleged that he was never advised of his right to appeal.  *Id.* The State appellate court denied Sexton's motion in a short opinion stating that he "has presented no viable reason for the delay in his attempt to appeal."  *Id.*  Under Rule 5(A)(2) of the Ohio Rules of Appellate Procedure, an appellant "shall set forth the reasons" he failed to timely appeal as of right.  Ohio R. App. P. 5(A)(2).

7

Just three months later, Sexton filed a habeas petition alleging that the State appellate court violated his rights by denying his motion for delayed appeal and that his 1997 sentence was contrary to State law.  *Sexton*, 968 F.3d at 609.  The district court dismissed the entire petition as untimely.  *Id.*  Section 2244(d)(1) governs the statute of limitations for habeas petitions and provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of –
>
> . . .
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable due diligence.

The Sixth Circuit concluded that Sexton's petition was timely only as to his claim that the State appellate court improperly denied his motion for leave to file a delayed appeal.  *Sexton*, 968 F.3d at 613.  The "necessary factual predicate" for this ground for relief occurred when the State appellate court entered judgment in 2017, just three months before Sexton filed his petition, therefore that ground was timely.  *Id.*  However, the court clarified that "Sexton's appeal-based claim is not a permission slip to pursue otherwise untimely trial-based claims."  *Id.*

Unlike in *Sexton*, Petitioner's single ground for relief here challenges both the State trial court's alleged failure to inform him of his appellate rights and the State appellate court's denial of his motion for leave.  (ECF No. 1, PageID #2.)  And Mr. Floyd's habeas petition is not based on his first effort to file a delayed appeal, as in *Sexton*.  Petitioner filed his first motion for leave to file a delayed appeal in 2013.

(ECF No. 5-1, PageID #79.)  He argued that he did not timely file an appeal because he was not fully advised of his appellate rights at sentencing or in the trial court's journal entry.  (*Id.*, PageID #82.)  On April 21, 2014, the State appellate court rejected that argument.  (*Id.*, PageID #101–03.)  Petitioner filed his second motion for leave to file a delayed appeal seven years later, in 2020, asserting the same argument.  (*Id.*, PageID #138–39.)

In *Sexton*, the Sixth Circuit's explained that a petitioner who acts immediately upon learning of an alleged violation of his rights to challenge the violation in State court and faces a State court that declines to hear his claim on the merits suffers a new and separate constitutional violation.  *Sexton*, 968 F.3d at 612–13.  And a petitioner who timely files a writ of habeas corpus after that new, separate violation has acted diligently.  *Id.*; *see also* 28 U.S.C. 2244(d)(1)(D).  This is so because "[t]here is a difference . . . between the error of denying a motion and the error that precipitated the motion."  *Sexton*, 968 F.3d at 613.  But the error of denying Petitioner's motion occurred in 2014.  And Petitioner presents no argument why, in the exercise of diligence, he did not timely file a habeas petition at that time.

Petitioner attempts to frame the State appellate court's denial of his second motion for leave as a new, separate constitutional violation.  But unlike the petitioner in *Sexton*, Petitioner did not act diligently to vindicate his rights before filing his second motion for leave.  The facts underlying that motion, his first motion, and part of his ground for relief in this case are the same—the trial court and his attorney

allegedly failed to advise him of his appellate rights.  For these reasons, the Sixth Circuit's reasoning in *Sexton* does not control Petitioner's ground for relief.

Also, Petitioner's argument that the State appellate court invited his second motion for leave to file a delayed appeal is not persuasive.  In its opinion denying Petitioner's motion for reconsideration, the State appellate court noted that nothing had stopped Petitioner from filing a new motion for delayed appeal "within a reasonable time."  (ECF No. 5-1, PageID #131.)  Fairly read, this statement did not invite a second motion for delayed appeal in 2019, five years after the State appellate court denied petitioner's first motion.  Instead, it was part of the State appellate court's rationale for denying Petitioner's untimely motion for reconsideration.  And when Petitioner did file a second motion for delayed appeal in 2020, he did not include any additional explanation for his failure to timely perfect an appeal in the first instance.  Instead, he repeated the same argument he made in 2013.  For these reasons, the Court **OVERRULES** Petitioner's objection.

### I.B.    Tolling Calculation

Petitioner objects that the Magistrate Judge did not "properly toll his second motion for a delayed appeal" under Section 2244(d)(2).  (ECF No. 8, PageID #225.) Petitioner filed his second motion for leave to file a delayed appeal on January 31, 2020.  (ECF No. 5-1, PageID #132–42.)  He argues that after the State appellate court denied his second motion for leave on April 6, 2020, the limitations period was tolled through July 30, 2020, presumably because the Ohio Supreme Court granted him leave to file a delayed discretionary appeal due to the Covid-19 pandemic.  (ECF

10

No. 8, PageID #225.) For this reason, Petitioner argues that the clock did not start running again until the Ohio Supreme Court declined to exercise jurisdiction on January 23, 2021. (*Id*.) By his calculation, the limitations period ran on November 3, 2021, the day after he filed his petition. (*Id*.)

Respondent argues that the Magistrate Judge correctly concluded that the limitations period expired before January 31, 2020 when Petitioner filed his second motion for delayed appeal. (ECF No. 10, PageID #236.)

Section 2244(d)(2) provides that "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counter toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, for the reasons discussed above, the Magistrate Judge properly concluded that Petitioner's second motion for delayed appeal did not start the limitations period anew. Therefore, the Magistrate Judge properly calculated the limitations period, including all applicable tolling, starting on May 15, 2013 and ending on January 29, 2015. (ECF No. 7, PageID #219–20.) For these reasons, the Court **OVERRULES** Petitioner's objection.

## II.    **Petitioner's Request to Stay**

In Petitioner's objections to the Magistrate Judge's report and recommendation, he asks the Court to stay final judgment on his petition because the Ohio Supreme Court's decision in *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶¶ 53–57, casts doubt on the State courts' judgments on his motions. (ECF No. 8, PageID #226.) He argues that in *Bethel* the Ohio Supreme Court "set a new public

11

policy concerning the way his motions were resolved."  (ECF No. 8. PageID #226.) Based on the objection, it appears Petitioner intends to file additional post-conviction papers in the State courts and wishes to "preserve any future exhausted claim(s)." (*Id.*, PageID #227.)

*Bethel* does not address the same procedural matter at issue in this case.  In *Bethel*, the Ohio Supreme Court reviewed the petitioner's successive and untimely request for a new trial under Rule 33 of the Ohio Rules of Criminal Procedure.  *Bethel*, 2022-Ohio-783, at ¶¶ 2 & 53.  Rule 33 requires a litigant seeking leave to file a motion for a new trial to show that he was "unavoidably prevented from the discovery of the evidence on which he must rely." Ohio R. Crim. P. 33(B).  The Ohio Supreme Court eliminated the additional, judicially created requirement that a litigant must show that he filed his motion for leave within a "reasonable time."  *Bethel*, 2022-Ohio-783, at ¶¶ 56–58.  Petitioner filed two motions for delayed appeal under Rule 5 of the Ohio Rules of Appellate Procedure.  (ECF No. 5-1, PageID #79 & #138.)  And unlike Rule 33, Rule 5 requires an appellant to "set forth the reasons [his] failure . . . to perfect an appeal as of right." Ohio R. App. P. 5(A)(2).  For these reasons, the Court **OVERRULES** Petitioner's objection and **DENIES** his request for a stay.

Second, construing Petitioner's *pro se* pleading liberally, it appears he is requesting that the Court stay and abey his petition to allows him to exhaust additional unexhausted claims.  (ECF No. 8, PageID #227.)  Exhausting State claims before proceeding to federal habeas review requires complete exhaustion.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Formerly, failure to exhaust required dismissal of

a habeas petition to afford the petitioner the opportunity to exhaust all claims in State court before seeking federal habeas relief. *Id.* After the enactment of the Antiterrorism and Effective Death Penalty Act, the Supreme Court has recognized that district courts have discretion to stay consideration of a habeas petition and hold it in abeyance pending exhaustion of claims in State court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

The Antiterrorism and Effective Death Penalty Act did not divest district courts of the power to stay a habeas case. *Id.* at 276. In deciding *Rhines*, the Supreme Court recognized that district courts typically have broad discretion to issue stays, and the AEDPA merely circumscribes that discretion to stays that are compatible with the statute's purposes. *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Consistent with AEDPA's purposes, the Supreme Court admonishes that district courts should stay and abey a petition "only in limited circumstances." *Id.* at 277. A district court would abuse its discretion by staying and abeying an action where the unexhausted claims "are plainly meritless." *Id.* Moreover, the procedure is only available where the district court determines good cause excuses the failure to exhaust. *Id.* Nor should a stay issue where a petitioner engages in abusive litigation tactics or intentional delay. *Id.* at 278. Under the law of this Circuit, a claim with at least a colorable basis is not plainly meritless. *See Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017).

Petitioner has not identified what "future unexhausted claim[s]" support his request for a stay. (ECF No. 8, PageID #227.) Therefore, the Court cannot determine

13

whether the claims have merit or whether good cause excuses Petitioner's failure to exhaust those claims.  For these reasons, the stay and abey procedure the Supreme Court sanctioned in *Rhines* is not appropriate, and the Court declines to exercise its discretion to stay these proceedings.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding.  28 U.S.C.S. § 2253(c)(1).  Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right."  28 U.S.C.S. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of appealability.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because Petitioner's sole ground for relief is time-barred, Petitioner is not entitled to a certificate of appealability.

14

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 8), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 7), and **GRANTS** Respondent's motion to dismiss (ECF No. 5).  The Court **DENIES** the petition for a writ of habeas corpus (ECF No. 1) and **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated: June 29, 2023

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

15